JOHN G. HALL, APPELLANT, v. CHARLES F. BALLARD, APPELLEE.

FILED MARCH 16, 1918. No. 19965.

1. **Appeal:** HARMLESS ERROR: STRIKING EVIDENCE. The testimony of a medical witness for plaintiff in an action for malpractice was stricken on motion of defendant. Error was assigned upon this ruling. The entire evidence in behalf of plaintiff, including that which was stricken, would not have warranted a verdict in his favor. *Held,* that the error, if any, was not prejudicial.

2. **Trial:** WITHDRAWAL OF REST: DIRECTION OF VERDICT. After plaintiff had rested, a motion to direct a verdict was submitted by defendant. The court announced that it was about to direct a verdict for lack of evidence. Plaintiff then asked leave to withdraw his rest for the purpose of allowing further evidence, which was permitted. He then, without tendering further evidence, asked to withdraw a juror. This was refused. He then attempted to dismiss the case without prejudice, which was not permitted. The court then directed a verdict for defendant. *Held,* that the court had jurisdiction to set aside its order permitting the rest to be withdrawn, and to direct a verdict, and that, the final judgment being correct, no prejudicial error occurred.

APPEAL from the district court for Lancaster county
WILLARD E. STEWART, JUDGE. *Affirmed.*

*F. M. Tyrrell* and *J. H. Walker,* for appellant.

*Jesse B. Strode* and *Strode & Beghtol, contra.*

LETTON, J.

Action for malpractice. The plaintiff suffered an
oblique fracture of both bones of the leg. The defend-
ant was called soon after the accident and reduced the
fracture. After straightening the leg and placing the
bones in juxtaposition he applied a plaster cast. This
was afterwards opened, the leg inspected and replaced
until union had taken place. The oblique surface of the
bones, however, did not exactly correspond with their
former position, and as a result the leg was shortened
about an inch: otherwise the operation seems to have
been successful. Plaintiff had two X-ray pictures taken
of the leg, which are in evidence, and the leg was after-
wards examined by four or five surgeons, none of whom
were called as witnesses.

A physician who had had some experience with
fractures of other bones, but had never set a fracture
of both bones of the leg, testified on behalf of plaintiff.
The procedure she described as being theoretically
correct was followed by defendant, except that he did
not attach a weight to keep the leg extended. Plain-
tiff called the doctor who took the X-ray pictures.
He testified he had taken hundreds of pictures of
fractures. He stated that it was difficult to set ob-
lique fractures of both bones of the leg without a slight
resulting shortening of the limb, and the substance of
his testimony was that there was no negligent operation
shown by the X-ray pictures.

At the conclusion of the testimony of the woman
physician, defendant moved to strike it, for the reason
that she belonged to the eclectic school of medicine,
while the defendant belonged to the allopathic school.
The court reserved ruling on the motion. When plain-

tiff rested, defendant moved for a directed verdict. The court stated that the evidence was not sufficient to sustain a verdict. Plaintiff then asked leave to withdraw his rest. Leave was granted so that further evidence might be introduced. Plaintiff then asked leave to withdraw a juror. This request was refused, the court suggesting that if plaintiff had evidence to make a *prima facie* case there was no reason suggested why it could not be had at this time as well as in the future. He then attempted to dismiss the case without prejudice, but this was not permitted. The court then sustained the motion to strike the testimony referred to, and directed a verdict in favor of defendant.

The striking of the evidence and the refusal to allow the withdrawal of a juror or dismissal of the case are assigned as error. It is immaterial whether the court properly struck the evidence, since we are satisfied that, even if considered, it would still have been the duty of the court to sustain the motion for a directed verdict. By refusing to allow a juror to be withdrawn or the case dismissed, the court practically set aside the withdrawal of the rest, which it had the right to do in its discretion.

In the light of the facts disclosed at the trial, no prejudicial error occurred, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.

HAMER, J., dissents.